UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-28-H

NORMA WILES, THOMAS WILES,
THERESA GIBSON AND WANDA EVITTS,
on behalf of themselves and all others
similarly situated                                                                                    PLAINTIFFS

V.

ASCOM TRANSPORT SYSTEMS, INC., a/k/a
ACS TRANSPORT SOLUTIONS, INC.;
DOWNTOWN OWENSBORO, INC.;
JONES & WENNER INSURANCE AGENCY INC.;
NATIONWIDE DEBT RECOVERY SERVICE, INC.;
TENNESSEE VALLEY AUTHORITY                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are persons whose confidential motor vehicle records[1] are held by the Kentucky Transportation Cabinet for the Commonwealth of Kentucky, and who did not consent to the release of their records to Defendants. Defendants are corporations who have made bulk purchases of this information from the Commonwealth. Plaintiffs have alleged that Defendants' purchase and use of the information violates the Driver's Privacy Protection Act, 18 U.S.C. §2721, etc. (the "DPPA") and other state common law rules.

Defendants have moved for summary judgment on the DPPA claims on the grounds that their bulk purchase of the entire records does not violate the DPPA, even though Defendants acknowledge that they require only some of the records from time to time for their permitted

---

[1] The records contain information such as Plaintiffs' names, addresses, race, physical description, assets and other private facts.

uses. Plaintiffs contend that Defendants must have a permitted use for every record requested or the use is invalid. This is a strictly legal question which will resolve many, though probably not all of the issues this case presents. Regardless, the Court believes that resolving this issue will assist the parties and sharpen the focus of the case. The issue is fully briefed and the Court has discussed it at length with the parties.

The DPPA provides a civil action against "a person who knowingly obtains, discloses or uses personal information from a motor vehicle record for a purpose not permitted under this chapter." 18 U.S.C. §2724(a). Kentucky sells vehicle records either based on specific search parameters or through a bulk purchase of all records.

Each of the Defendants made a request for the bulk purchase of all vehicle records, citing one of the fourteen legitimate reasons cited in the DPPA. Each Defendant admits that it has no immediate need for each record and many of the records will never be used. Rather, the records will remain unused in Defendants' computer files. Plaintiffs argue that purchasing the records in bulk with the mere expectation or purpose of a future valid use is not permissible use under the DPPA.

The Fifth Circuit recently considered this precise issue. *Taylor v. Acxiom Corp.*, 612 F.3d 325 (5th Cir. 2010). It affirmed the district court, concluding that a defendant does not violate the DPPA by making a bulk purchase of records "for the purpose of making a permissible actual use of the information therein under 18 U.S.C. § 2721(b), even if that person does not actually use every single item of information therein." *Id.* at 340. No other circuit has discussed this precise issue. Plaintiff argues vigorously that each Defendant must have a specific legitimate use for each document it requests. Moreover, the thrust of Plaintiffs' argument seems

2

to be that the statute does not go far enough to protect vehicle information and that the states are being too lenient in granting requests for information because the sale of such information is quite profitable.

State governments create, maintain and often sell vehicle records. Congress has made a perfectly legitimate determination how to protect this kind of information. It has done so in the most general fashion. It has regulated the sale of the information, but not very strictly. The DPPA safeguards the use of vehicle information, but provides broad categories of permitted uses. Congress has left the states with many options. Any state may further limit the sale of vehicle information, though Kentucky and many others have not elected to do so.

This Court finds the Fifth Circuit's analysis to be a good one. The text of the DPPA "strongly indicates that it allows both individual and bulk distribution." *Id.* at 336. Indeed, bulk distribution, for the convenience of the user if for no other reason, makes practical sense for many of the uses that the statute permits. Given that the statute requires individual consent for certain uses, 18 U.S.C. § 2721(b)(12), the logical inference is that bulk purchase is permissible for all other uses. That it might be just as easy for a user to request few documents or to request on an as needed basis is, in this Court's view, irrelevant to the statutory inquiry. What Defendants have done generally, the DPPA appears to permit. The Court will not write further restrictions into law.

For the reasons stated, the Court agrees with the Fifth Circuit's logic and conclusions in *Taylor v. Acxiom*. The Court believes that other courts will see the same logic.[2] This opinion is

---

[2] Indeed, since *Taylor v. Acxiom Corp.* was decided, two district courts have similarly held that a bulk purchase of motor vehicle data, without the intent to use every record purchased, is not illegal under the DPPA so long as the defendant provided a proper purpose in requesting the data. *See Cook v. ACS State and Local Solutions, Inc.*, No. 10-00179-CV-W-DGK, 2010 U.S. Dist. Lexis 123344, at *13 (W.D. Mo. Nov. 19, 2010); *Rodriguez v.*

now the law of this case.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the bulk purchase of vehicle records without a specific need for every record does not violate the Driver's Privacy Protection Act.

IT IS FURTHER ORDERED that the Court will consider dismissal of specific elements of the complaint affected by this Memorandum Opinion.

cc: Counsel of Record

---

*Ampco Parking Sys.*, No. C09-1789 MJP, 2010 U.S. Dist. Lexis 80154, at *6-*7 (W.D. Wash. Aug. 2, 2010).