UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-28-H

NORMA WILES, THOMAS WILES,
THERESA GIBSON AND WANDA EVITTS,
on behalf of themselves and all others
similarly situated                                                                    PLAINTIFFS

V.

ASCOM TRANSPORT SYSTEMS, INC., a/k/a
ACS TRANSPORT SOLUTIONS, INC.;
DOWNTOWN OWENSBORO, INC.;
JONES & WENNER INSURANCE AGENCY INC.;
NATIONWIDE DEBT RECOVERY SERVICE, INC.;
TENNESSEE VALLEY AUTHORITY                                              DEFENDANTS

**MEMORANDUM OPINION**

The Court requested advice concerning whether any claims in the Complaint should be dismissed subsequent to the Court's Memorandum Opinion dated December 3, 2010. The particular pleading at issue is the Third Amended Complaint (the "Complaint") which Plaintiffs tendered on September 17, 2010, and which this Court ordered filed on December 3, 2010. Defendants argue that the Court's Memorandum Opinion resolves all legal issues and that the current Complaint does not assert facts which can support any other claims. The Court held a conference to discuss all of the issues thoroughly.

The Memorandum Opinion does resolve certain central allegations of the Complaint. The Court found that Defendants made valid requests for bulk transfer of information covered by the Driver's Privacy Protection Act (the "DPPA"); that the DPPA permitted private companies to obtain the driver license data for disclosure to other state and municipal governments for commercial profit or gain. In reaching these conclusions, the Court considered and agreed with

the analysis contained in *Taylor v. Acxion Corp.*, 612 F.3d 325 (5th Cir. 2010) as well as district court opinions from Missouri and Washington. The Court will review each of the current causes of action and Plaintiffs' arguments as to each.

I.

Counts I-III of the Complaint accuse Defendants of acquiring motor vehicle records for the purpose of stockpiling them (Count I), the unauthorized disclosure of the records to third parties (Count II), and the unauthorized use of the records through improper security and maintenance (Count III). There is a great deal of overlap among these three counts, and they essentially comprise the bulk purchase and stockpiling allegations which the Court resolved in its Memorandum Opinion.

Acquiring the motor vehicle records in bulk for a valid purpose, including for the purpose of "stockpiling" some of the records for later use, does not violate the DPPA. Thus, Plaintiffs' claims that stockpiling constitutes an impermissible purpose and use are invalid. Moreover, the DPPA specifically permits resale so long as the buyer has a permitted purpose. 18 U.S.C. § 2721(c). Defendants may purchase the records for permitted commercial purposes and resell the records so long as the buyers have a permitted and valid use. Plaintiffs' allegations of unauthorized disclosure are deficient because they do not state either a specific unlawful third party to whom Defendants disclosed the data or a specific unlawful disclosure by a third party. Consequently, on its face, Counts I-III of the Complaint fail to state facts which support valid causes of action.

During the conference, Plaintiffs argued that Defendants acquired the records through false representation and deceit. They say that some of Defendants obtained the records under

the analysis contained in *Taylor v. Acxion Corp.*, 612 F.3d 325 (5th Cir. 2010) as well as district court opinions from Missouri and Washington. The Court will review each of the current causes of action and Plaintiffs' arguments as to each.

I.

Counts I-III of the Complaint accuse Defendants of acquiring motor vehicle records for the purpose of stockpiling them (Count I), the unauthorized disclosure of the records to third parties (Count II), and the unauthorized use of the records through improper security and maintenance (Count III). There is a great deal of overlap among these three counts, and they essentially comprise the bulk purchase and stockpiling allegations which the Court resolved in its Memorandum Opinion.

Acquiring the motor vehicle records in bulk for a valid purpose, including for the purpose of "stockpiling" some of the records for later use, does not violate the DPPA. Thus, Plaintiffs' claims that stockpiling constitutes an impermissible purpose and use are invalid. Moreover, the DPPA specifically permits resale so long as the buyer has a permitted purpose. 18 U.S.C. § 2721(c). Defendants may purchase the records for permitted commercial purposes and resell the records so long as the buyers have a permitted and valid use. Plaintiffs' allegations of unauthorized disclosure are deficient because they do not state either a specific unlawful third party to whom Defendants disclosed the data or a specific unlawful disclosure by a third party. Consequently, on its face, Counts I-III of the Complaint fail to state facts which support valid causes of action.

During the conference, Plaintiffs argued that Defendants acquired the records through false representation and deceit. They say that some of Defendants obtained the records under

one name and then unlawfully transferred the records to a subsidiary for use.[1] The Court finds that a company may request records in its own name and transfer them to a subsidiary so long as the subsidiary's use is permitted. Plaintiffs have failed to allege any particular impermissible use by any particular subsidiaries. Rather, they have merely speculated an impermissible use.

Plaintiffs also argued at conference that Defendant ACS has many private clients to whom it sold the motor vehicle records, and that said clients used those records for wrongful purposes.[2] However, counsel could not specify any particular clients nor any unlawful uses and stated that discovery would be necessary. Plaintiffs must do more than draw legal conclusions regarding Defendants' DPPA liability. The Court concludes that Plaintiffs' arguments amount to nothing more than suspicion and speculation.[3]

II.

Count IV of the Complaint asserts a claim for invasion of privacy. Kentucky has adopted all four theories of invasion of privacy as enunciated in the Restatement (Second) of Torts (1976). *See McCall v. Courier-Journal & Louisville Times Co*, 623 S.W.2d 882, 887 (Ky. 1981). Plaintiff seeks relief under two of the four theories, particularly, unreasonable intrusion upon the seclusion of another and unreasonable publicity given to the other's private life. Neither seem to apply here.

---

[1] This specific allegation cannot be found in the Third Amended Complaint.

[2] This specific allegation cannot be found in the Third Amended Complaint.

[3] Plaintiff continued to argue that the Court's Memorandum Opinion dated December 3, 2010, was incorrectly decided. He pointed to a new case from Arkansas supporting his position. It turns out that this supporting opinion is the recommendation of a Magistrate Judge to deny a defendant's motion to dismiss under Rule 8(a)(2), Federal Rules of Civil Procedure and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). The recommendation contains no analysis of the DPPA and, therefore, has absolutely no persuasive value in the pending case.

A.

According to Kentucky law and the Restatement, a claim for "inclusion upon seclusion" requires a showing of (1) an intentional intrusion, (2) upon the solitude or seclusion of another or his private affairs or concerns, (3) which is highly offensive to a reasonable person. *See Johns v. Firstar Bank, NA*, No. 2004-CA-001558-MR, 2006 Ky. App. LEXIS 85, at *7 (Ky. Ct. App. Mar. 24, 2006); *Restatement (Second) of Torts § 652B*.

The difficulty for Plaintiff is establishing the latter two elements. The specific matters disclosed were driver's license data which would include name, address, date of birth, gender, height, eye color and license number. Most of this information is actually "public" to a great extent. This is information that is apparent and available from other sources. In fact, license holders regularly allow others to review the information. Plaintiffs argue that social security numbers are also available in motor vehicle records, which gives strength to their argument that the records are private. Nonetheless, no reasonable person would find that the lawful attainment of information as allowed by the DPPA is highly offensive. Given that a federal statute authorizes the disclosure of certain personal information, the persons whose information is disclosed pursuant to the statute cannot have a reasonable expectation that it would be kept private. A reasonable person would not be surprised or shocked that a state would allow access to the information for purposes permitted under the federal statute.

B.

According to the Restatement, a claim for "publicity given to a private life" imposes liability upon one who gives publicity to a matter concerning the private life of another, so long as the matter publicized 1) would be highly offensive to a reasonable person and 2) is not of

4

legitimate concern to the public. *Restatement (Second) of Torts § 652D*. The comments to the Restatement provide further clarification regarding the meaning of publicity, explaining that publicity "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id*. cmt. a. Having determined that Plaintiffs have not sufficiently pled the unauthorized distribution of motor vehicle records to third parties, the Court can not conclude that the records have been publicized as defined by the Restatement. The assumption is that the records have been provided to government agencies that have no intentions to publicize the records.

III.

Count V of the Complaint asserts a claim for a violation of Plaintiffs' constitutional rights under 28 U.S.C. § 1983. Only a "state actor" acting "under color of law" can be liable under § 1983. *Moldowan v. City of Warren,* 578 F.3d 351, 399 (6th Cir. 2009). ACS and the other Defendants are private corporations, not a public entities. Because these Defendants are each private corporations, they may only be considered a state actor by satisfying one of three alternative tests: (1) the public function test; (2) the state-compulsion test; or (3) the nexus test, also known as the symbiotic-relationship test. *Id*. Plaintiffs allege that ACS is a state actor by virtue of the symbiotic-relationship test.

Under the symbiotic-relationship test, a private actor can be considered a state actor only if there is such a close connection between the state and the challenged conduct of the private actor that the private action "may be fairly treated as that of the state itself." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). This happens when government has "pervasively entwined"

itself with the private actor. *See Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001); *see also Redmond v. Jockey Club*, 244 F. App'x 663, 677 (6th Cir. 2007) (finding no state action where the government and the private actor were not in any way "pervasively entwined in membership or function" (citing *Brentwood Academy*, 531 U.S. at 298)). Plaintiffs in this case have made no allegations demonstrating such pervasive entwinement. Defendants generally provide information and data to state and local governments upon request and under contract. As a matter of law, in these circumstances, such activity does not amount to a symbiotic relationship.[4]

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record

---

[4] Plaintiffs also claim that they are entitled to permanent injunctive relief. The claim is dependent upon a violation of either the DPPA or § 1983, and as the Court has found no such violation, the claim is dismissed.